**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YOEL ESPERANZA IGARZA,

      Petitioner,

      v.                                  Civ. No. 26-536 JB/SCY

WARDEN, Otero County Processing Center;
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; and PAMELA BONDI,
U.S. Attorney General,

      Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before me on Petitioner Yoel Esperanza Igarza's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1. United States District Judge James Browning referred this case to me under 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 4. Having reviewed the briefs and the law, I recommend that the Court grant the petition and order an immediate bond hearing.

## BACKGROUND

Mr. Esperanza Igarza is a citizen of Cuba who entered the United States on October 23, 2021 without being admitted or paroled. Doc. 7-1. He was later detained by Immigration and

Customs Enforcement ("ICE") and issued a Notice to Appear, charging him as inadmissible.[1]

Mr. Esperanza Igarza is currently detained in ICE custody at the Otero County Processing

Center. On February 23, 2026, Mr. Esperanza Igarza filed the present Petition for Writ of Habeas

Corpus, Doc. 1, and Respondents timely filed a response, Doc. 7.

**ANALYSIS**

Mr. Esperanza Igarza asserts that he has been subjected to prolonged detention without a

bond hearing. Doc. 1 at 3. Respondents counter that Mr. Esperanza Igarza is subject to

mandatory detention under 8 U.S.C. § 1225(b)(2)(A).[2] Doc. 7 at 2.

### 1. Failure to Exhaust

As an initial matter, Respondents argue that the Court should dismiss the petition because

Mr. Esperanza Igarza has failed to exhaust his administrative remedies. Doc. 7 at 6-7. As

explained by United States Magistrate Judge Gregory J. Fouratt,

> The INA ["Immigration Nationality Act"] mandates exhaustion as to final orders
> of removal, but it contains no exhaustion provision regarding challenges to
> preliminary custody or bond determinations. *Gonzalez v. O'Connell*, 355 F.3d
> 1010, 1016 (7th Cir. 2004). Although § 2241 does not expressly require a
> petitioner to exhaust direct appeals before filing a petition for habeas corpus, as a
> prudential matter, habeas petitioners must exhaust available administrative

---

[1] It is unclear from the briefing the date when ICE first detained Mr. Esperanza Igarza and when the Notice to Appear was issued. Respondents attached to their brief a Notice to Appear dated February 19, 2026. Doc. 7-1. Mr. Esperanza Igarza attached to his petition a Notice to Appear dated November 20, 2025. Doc. 1 at 16-17. However, this discrepancy is immaterial as it is undisputed that Mr. Esperanza Igarza is currently being detained by ICE pending removal proceedings.

[2] Respondents also argue that "Petitioner's claims concerning an unlawful arrest is not a basis for habeas relief; regardless, there has been no violation because Petitioner was arrested per a valid warrant." Doc. 7 at 2. Petitioner does not seek habeas relief based on an unlawful arrest and so I do not address the validity of Petitioner's arrest. Similarly, although Respondents argue that "Petitioner should not be awarded attorney's fees and costs under the EAJA because the Government's position is substantially justified," Doc. 7 at 2, the petition makes no request for EAJA fees. Accordingly, I also do not address the issue of attorney's fees.

2

> remedies before seeking habeas relief under § 2241. *Garza v. Davis*, 596 F.3d
> 1198, 1203 (10th Cir. 2010); *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th
> Cir. 2001), *overruled on other grounds by Fernandez-Vargas v. Gonzales*, 548
> U.S. 30 (2006). Where exhaustion is not statutorily required, "sound judicial
> discretion governs." *Gonzalez*, 355 F.3d at 1016 (quoting *McCarthy v. Madigan*,
> 503 U.S. 140, 144 (1992)). "A narrow exception to the exhaustion requirement
> applies if a petitioner can demonstrate that exhaustion is futile." *Garza*, 596 F.3d
> at 1203.

*Franciso v. Dedos*, No. 1:25-CV-1229 MIS-GJF, 2026 WL 145456, at *7 (D.N.M. Jan. 20,

2026)

Respondents argue that Mr. Esperanza Igarza has failed to exhaust his administrative

remedies because he "still had a pending immigration hearing scheduled for March 3, 2026 at the

time the Petitioner's original petition was filed. Because Petitioner had not finished their

immigration proceedings in front of the Immigration Judge before seeking habeas relief, the

Court should dismiss the Petition on exhaustion grounds." Doc. 7 at 6 (citing Doc. 7-1). This

argument, however, appears to confuse the proceedings. The March 3 immigration hearing

related to the underlying Section 240 removal proceedings, not a custody determination while

removal proceedings are pending. *See* Doc. 7-1. I therefore recommend that the Court reject

Respondents' request to dismiss this matter for failure to exhaust.

## 2. Detention and Bond Hearing

This petition presents an issue that has become common in the District Courts. As Chief

Judge Gonzales explained,

> The Immigration Nationality Act ("INA") "contemplates two detention regimes
> for noncitizens pending removal proceedings." *Salazar v. Dedos*, [No. 25-835-
> DHU-JMR,] 2025 WL 2676729, at *3 (D.N.M. [Sept. 17, 2025]); *see Jennings v.
> Rodriguez*, 583 U.S. 281, 289 (2018). The first detention regime provides that
> when "an applicant for admission" is "seeking admission" and "not clearly and
> beyond a doubt entitled to be admitted," the noncitizen "shall be detained" for
> removal proceedings. 8 U.S.C. § 1225(b)(2)(A). This provision "mandates

detention" and affords no bond hearing. *Salazar*, 2025 WL 2676729, at *3. The second detention regime authorizes the arrest and detention "on a warrant issued by the Attorney General" of noncitizens "pending a decision on whether [they are] to be removed." 8 U.S.C. § 1226(a). "Under federal regulations, noncitizens detained under" this second detention regime "are entitled to individualized bond hearings at the outset of detention." *Salazar*, 2025 WL 2676729, at *3 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). At the bond hearing, "the burden is on the noncitizen to demonstrate that their 'release would not pose a danger to property or persons, and that [they are] likely to appear for any future proceeding.'" *Id.* at *6 (quoting 8 C.F.R. § 236.1(c)(8)).

*Pu Sacvin v. De Anda-Ybarra*, No. 2:25-CV-01031-KG-JFR, 2025 WL 3187432, at *1, *2 (D.N.M. Nov. 14, 2025). In other words, the distinction lies with whether Mr. Esperanza Igarza is "an applicant for admission" who is "seeking admission." *See Garcia-Lopez v. Castro*, No. CIV 25-1144 JB/SCY, 2026 WL 524082, at *34 (D.N.M. Feb. 25, 2026) ("Section 1225(b)(2) applies only to aliens who are applicants for admission -- 'an alien present in the United States who has not been admitted or who arrives in the United States' -- who seek admission, and who do not fall within § 1225(b)(1)'s scope.").[3]

I recommend finding that Mr. Esperanza Igarza is not subject to detention under Section 1225(b)(2) because he is not seeking admission. That is, "Section 1225(b)(2) does not cover an alien who is an applicant for admission, and who is present in the United States for more than two consecutive years *without any application that indicates the alien is actively seeking admission.*" *Id.* (emphasis added); *see also Castillo v. De Andra Ybarra*, No. CIV 25-1074 JB/JFR, 2026 WL 370497, at *37 (D.N.M. Feb. 10, 2026) ("There is no indication that [Petitioner] has any pending application or has taken any other action that indicates that he is actively seeking admission. The Court determines, therefore, that [Petitioner] is not an applicant

---

[3] Here, Respondents make no argument that Mr. Esperanza Igarza is subject to detention under Section 1225(b)(1).

for admission seeking admission such that the United States can detain [Petitioner] under §1225(b)(2).").

In his petition, Mr. Esperanza Igarza mentions a pending application for adjustment of status under the Cuban Adjustment Act. However, the only document related to that proceeding which he attached to his petition is an Order from the Immigration Court on August 3, 2023 showing the proceeding was closed. Doc. 1 at 10. To the extent Respondents would assert the application for adjustment of status is still pending such that Mr. Esperanza Igarza is actively seeking admission, they make no such argument in their brief. Indeed, they fail to mention any earlier proceedings at all and make no argument regarding an active application. *See* Doc. 7 at 2. As such, they have waived any argument that Mr. Esperanza Igarza is actively seeking admission. *See, e.g.*, *Phillips v. Calhoun*, 956 F.2d 949, 953 (10th Cir. 1992) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.") (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir. 1990)); *Rock Roofing, LLC v. Travelers Cas. & Sur. Co.*, 413 F. Supp. 3d 1122, 1128 (D.N.M. 2019) (plaintiff's failure to respond to defendant's argument waived the issue).

Instead, Respondents argue that, "[u]nder the plain language of Section 1225(b)(2), DHS is required to detain all aliens, like Petitioner, who are present in the United States without admission and are subject to removal proceedings—regardless of how long the noncitizen has been in the United States or how far from the border they ventured." Doc. 7 at 7. In other words, Respondents collapse the phrases "application for admission" and "seeking admission" contained in Section 1225(b)(2)(A). This Court, however, has already rejected such an argument:

> The Court disagrees with the Federal Respondents' position that every applicant for admission is seeking admission and therefore subject to the scope of

5

§ 1225(b)(2). This argument improperly equates the term "applicant for admission" and "alien seeking admission" in § 1225(b)(2)(A). Treating these phrases synonymously is contrary to the presumption that Congress intends different words or phrases to be accorded different meanings. Seeking admission, therefore, must mean something different than applicant for admission, and therefore does not apply to every alien present in the United States who has not been admitted.

*Singh v. Noem*, No. CIV 25-1110 JB/KK, 2026 WL 146005, at \*35 (D.N.M. Jan. 20, 2026).

In sum, although Respondents assert that Mr. Esperanza Igarza is subject to mandatory detention under Section 1225(b)(2)(A), he is not seeking admission and therefore does not fall within that statute. "[T]he United States instead must detain those whom § 1225(b)(1) and § 1225(b)(2) does not cover under § 1226(a)." *Garcia-Lopez v. Castro*, No. CIV 25-1144 JB/SCY, 2026 WL 524082, at \*34 (D.N.M. Feb. 25, 2026). I therefore recommend that Mr. Esperanza Igarza is entitled to a prompt bond hearing under Section 1226(a). *See Molina Ochoa*, 2025 WL 3125846, at \*13 (collecting cases and finding that "[i]n similar cases in this district, courts have ordered a prompt bond hearing but not the petitioner's immediate release").

## RECOMMENDATION

For these reasons, I recommend that the Court GRANT the Petition for Writ of Habeas Corpus (Doc. 1) as follows:

- Respondents shall provide Mr. Esperanza Igarza a bond hearing under Section 1226(a) within five business days of the Court's order;

- If Mr. Esperanza Igarza is not afforded the bond hearing within that time, he shall be immediately released; and

6

- Respondents shall file a status report within eight business days of the Court's order as to the status of the bond hearing or release.

_____
Steven C. Yarbrough
United States Magistrate Judge

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**