IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YOEL ESPERANZA IGARZA,

      Petitioner,

v.                                        Civ. No. 26-536 JB/SCY

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

      Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before me on Petitioner Yoel Esperanza Igarza's Motion to Enforce the Court's Habeas Order and Request for Further Relief (Doc. 12) and Motion for Order Prohibiting Transfer (Doc. 13). United States District Judge James Browning referred this case to me under 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 4. Having reviewed the briefs and the law, I recommend that the Court deny both motions.

**BACKGROUND**

On March 16, 2026, I entered a Proposed Findings and Recommended Disposition ("PFRD"), recommending that the Court grant Mr. Esperanza Igarza's Petition for Writ of Habeas Corpus and order that he receive a bond hearing pursuant to 8 U.S.C. § 1226(a). Doc. 8.

The Court adopted this recommendation, ordering a bond hearing be held by April 7, 2026. Doc. 9. The Federal Respondents filed a notice, advising the Court that an Immigration Judge ("IJ") held a bond hearing on April 2, 2026 and that the IJ denied bond "due to a pending charge for felony possession of drugs and the flight risk imposed by Petitioner." Doc. 11.

Mr. Esperanza Igarza filed the present motions on April 10, 2026. Docs. 12, 13. The Federal Respondents did not file a response to either motion.

## ANALYSIS

In his motion to enforce, Mr. Esperanza Igarza argues that although he received a bond hearing, he was not provided a meaningful opportunity for release and the IJ failed to comply with this Court's Order. Doc. 12 at 1-2. As explained by Judge Riggs,

> The Court "retains jurisdiction to enforce its lawful judgments, including habeas judgments." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (explaining that district court has authority to enforce its habeas judgment). And the Court has jurisdiction over constitutional challenges to the application of § 1226. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (holding that "Section 1226(e) contains no explicit provision barring habeas review, and ... its clear text does not bar [a petitioner's] constitutional challenge"); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). But the Court does not have jurisdiction to review an IJ's "discretionary and factual determinations." *Tobar v. Gonzales*, 200 F. App'x 796, 799 (10th Cir. 2006) (quoting *Ferry v. Gonzales*, 457 F.3d 1117, 1130 (10th Cir. 2006)). Under § 1226(e), "No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."
>
> Accordingly, the Court has jurisdiction over the narrow issues of whether the hearing complied with the Order and whether the judge was biased in violation of Petitioner's due process right to a neutral decisionmaker. But the Court may not review whether the IJ failed to appropriately consider the evidence and factors relevant to determining that Petitioner is a flight risk, even if Petitioner recasts them as constitutional issues. *See Tobar*, 200 F. App'x at 799.

2

*Lleshi v. Noem*, No. 1:26-CV-00032-KWR-SCY, 2026 WL 837006, at *2 (D.N.M. Mar. 26, 2026).

Here, I find that the IJ held a bond hearing in compliance with the Court's Order. Mr. Esperanza Igarza argues that "[b]ond was denied based on a generalized rule rather then individualized findings." Doc. 12 at 2. However, the IJ made factual findings specific to Mr. Esperanza Igarza in determining that bond should be denied. *See* Doc. 12 at 4 (Order of the Immigration Judge). That Mr. Esperanza Igarza disagrees with the IJ's factual findings is an issue for the standard appeal process, not for this Court. Mr. Esperanza Igarza also argues that he received no advanced notice of the hearing. However, the Court's Order found that Mr. Esperanza Igarza was entitled to an immediate bond hearing, ordering that it be completed within five business days, thus limiting the advance notice he was able to receive. Mr. Esperanza Igarza makes no further arguments to demonstrate that his right to due process was violated.

Lastly, Mr. Esperanza Igarza filed a separate motion in which he requests that the Court prohibit his transfer outside the District of New Mexico while this habeas action is pending. However, the Court has already entered a final judgment in this matter, Doc. 10, and I recommend denying Mr. Esperanza Igarza's request for further relief. As such, his habeas action is no longer pending with this Court and so his request is moot.

### RECOMMENDATION

For these reasons, I recommend that the Court DENY the Motion to Enforce the Court's Habeas Order and Request for Further Relief (Doc. 12) and the Motion to Prohibit Transfer (Doc. 13).

_____
Steven C. Yarbrough
United States Magistrate Judge

3

4

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

4